HELEN WEST *et al.*, plaintiffs in error, *vs.* JOHN RODAHAN *et al.*, defendants in error.

Where a bill is filed by the heirs of a deceased person for an account, and to recover possession of land from which their ancestor was ousted by fraud on the part of some of the defendants, and notice of the fraud by the others, before they acquired possession, and alleges facts which, if true, sustain the charge of fraud, and further alleges that, although the defendants have been in possession, under color of title, for more than seven years, yet that such possession originated in the fraud charged, and that such fraud deterred their ancestor, who was an illiterate man, from his action during his life, and that he died in 1868 in ignorance of the fraud, it is not demurrable for want of equity, nor on the ground that it shows on its face that the defendants have a complete prescriptive title to the land.

Statute of limitations. Fraud. Before Judge GREEN. Henry Superior Court. April Term, 1872.

Helen West, the widow of James West, deceased, Mary Rowan and her husband, Matilda West, ......... West, and Elizabeth West, his daughters, filed their bill against John Rodahan, George T. Connell, Allen H. Turner, James W. Vandergriff, Charles B. Smith, and Lewis M. Tye, containing, substantially, the following averments: That Elizabeth West, ......... West, and Matilda West are minors, of the ages of seven, five and four years, respectively; that said James West, on the ......... day of ........., 185.., purchased of John Rodahan certain real estate in the town of McDonough for the sum of $1,500, and a stock of groceries for the sum of $550; that said West paid to said defendant, in property, the sum of $550, and gave his note, due on December 25th thereafter, for the sum of $1,500, secured by mortgage on said real estate; that before said note became due said West transferred to said defendant a note on Allen Cleaveland for $175, for which amount said Rodahan was to enter a credit on the note first aforesaid; that he paid to said defendant, in cash and personalty, the sum of $500, for which amount said Rodahan was to allow a credit on the said note; that James West took immediate possession under

a warranty, fee simple, deed ; that when said note became due, said defendant demanded payment of the same in full, and said West not being able to comply, he demanded immediate possession of said real estate, representing that, under the terms of said mortgage, said West had forfeited all interest in said property ; that said West, being an illiterate man and not versed in the law, delivered to said defendant possession of said premises and sold him the stock of goods he had on hand for the sum of $400, Rodahan taking possession of his books of account ; that said West, believing that he had been defrauded, filed his bill praying for the rescission of the contract, and that the deed made by Rodahan to him and by him to Rodahan, be set aside, etc.; that doubting his success in said proceeding in equity, said James West commenced his action of ejectment to the ......... Term 185.. of the Superior Court of Henry county; that at the April Term, 1858, said defendant and West compromised the matters in dispute between them upon the following terms, which were reduced to writing : " Said Rodahan was to account to West for payments received and collections made on the grocery books aforesaid, and also for the rent of said premises ; West was to dismiss his bill and his action of ejectment and allow said Rodahan to foreclose his mortgage and to sell said premises for the discharge of said debt under the mortgage *fi. fa.;* that said West complied with his part of the agreement, but said Rodahan continued in possession of said premises without complying with his portion of said contract or any part thereof, fraudulently pretending that he would comply at some time in the future ; that in the latter part of 1858 said defendant, combining and colluding with one Allen H. Turner, conveyed to him the mortgage aforesaid, and Turner went into possession of said premises ; that the defendants, Turner and Rodahan, combining and confederating with the defendant, George T. Connell, procured said Connell to execute a deed to said premises to said Turner, though they knew that said Connell never had any title to the same ; that said defendants then informed said West that

in said agreement of compromise and the consequent dismissal of his legal proceedings, he had lost all right or equity in said premises and must now submit; that said West being ignorant and poor, believed the statements of said defendants, whom he knew, from their much litigation, to be skilled in the law ; that said defendant, Turner, pretended to sell one of the houses on said premises to the defendant, Charles B. Smith, who transferred the same to the defendant, Lewis M. Tye, who is still in possession ; that the defendant, Turner, pretended to sell said other house, in the year 1868, to the defendant, James W. Vandergriff, who is still in possession ; that said West died in ignorance of his rights in the year 1868; that all of said defendants had full notice that the title to said property was in said James West; that although said defendants have been in possession of said premises for more than seven years under a claim of right, yet their possession was undisturbed because said West was deceived by their representations, and that while the rights of complainant may be barred by the strict rules of the common law, are, nevertheless, available in equity; that the rents of said premises have been worth, annually, the sum of $200 ; that complainants waive discovery ; prayer, that all of the aforesaid deeds, except that from the defendant, Rodahan, to the said James West, be delivered up to be canceled ; that the conveyance last aforesaid be set up and established; that possession of said premises be delivered to complainants ; that complainants may recover rents and the interest thereon; that a guardian *ad litem* be appointed for the minor complainants; that the writ of subpœna may issue.

The bill was returnable to the April Term, 1870, of Henry Superior Court, having been filed in office on November 11th, 1869.

At the October Term, 1870, of said Court, complainants amended their bill, substantially, as follows: That if the defendants have acquired, by their long and continued occupancy of said land, a title thereto by prescription, as against the heirs of said James West, yet they acquired no such title

as against the right of complainant, Helen West, the widow of said James West, deceased, to dower. Prayer, that if complainants are barred, as heirs-at-law of said West, that dower may be decreed to complainant, Helen West, as his widow.

The defendants demurred to said bill. The demurrer was sustained by the Court upon the ground that the cause of action of complainants, as set forth in said bill, was barred by the statute of limitations. To which ruling complainants excepted, and now assign the same as error.

S. C. McDANIEL, for plaintiffs in error.

DOYAL & NUNNALLY, for defendants.

MONTGOMERY, Judge.

The bill in this case is saturated with specific charges of fraud on the part of the defendants. If true, as we must assume on demurrer, certainly there is no want of equity in the bill. The defendants can take nothing from the statement in the bill that they have been in possession for more than seven years, under adverse claim of title, the bill charging, as it does, that such adverse possession originated in fraud, of which the defendants were fully apprised at the time they went into possession: Code, section 2641. What the defendants may set up, by way of answer, we do not know. Certainly the bill is not demurrable for want of equity, or because it shows on its face a complete prescriptive title, by the statute of limitations in the defendants.

Judgment reversed.